In the Matter of DAVID N. LEIBMAN (Admitted as DAVID NORMAN LEIBMAN), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, September 18, 1989

## APPEARANCES OF COUNSEL

*Gary L. Casella (Maryann Yanarella* of counsel), for petitioner.

*Dornbush Mensch Mandelstam & Silverman (Richard J. Schaeffer* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

In this proceeding to discipline the respondent for professional misconduct, the respondent has submitted an affidavit dated March 16, 1989, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9). The respondent was admitted to the practice of law by this court on January 9, 1980, under the name David Norman Leibman, and was suspended from the practice of law by order of this court dated September 22, 1988, pending the outcome of a disciplinary proceeding.

The respondent acknowledges that there are seven charges of professional misconduct presently pending against him. Charge one alleges and the respondent admitted under oath that he maintained an escrow account but was never aware of the amount of clients' funds on deposit, that he issued checks to himself and others for business and personal purposes from the escrow account without knowing if there were sufficient funds in the account, that bank statements for the escrow account showed negative balances on a frequent basis, including one negative balance of $149,141.37, and that on February 17, 1988, the respondent's escrow account showed a negative balance of $45,835.92 when there should have been $27,750 in clients' funds on deposit in the account, thereby reflecting a conversion of at least $27,750.

Charge two alleges and the respondent admitted under oath that he commingled clients' funds and personal funds in his escrow account and caused checks to be issued from that account for both escrow and personal obligations.

Charge three alleges and the respondent admitted that he failed to maintain records for all deposits and withdrawals for

his attorney trust account in violation of 22 NYCRR 691.12 (b), (e) and (f).

Charges four and five allege that the respondent deposited $10,000 of his own funds into the escrow account and then advanced $10,000 to his client from that escrow account, thereby improperly acquiring an interest in contemplated or pending litigation, and that he falsely indicated to his client that her suit had been partially settled for $27,500 and paid her $7,476.75 from the escrow account when no settlement had been made, by drawing checks on the account without knowing whether he was utilizing other clients' funds.

Charges six and seven allege, *inter alia,* that on numerous occasions the respondent drew checks on his escrow account payable to himself or to a third party for his personal benefit in anticipation of fees he expected to receive without knowing if there were sufficient funds in his escrow account.

The respondent indicates that he could not successfully defend himself on the merits against the charges outlined above, that his resignation is freely and voluntarily tendered; that he is not being subjected to coercion or duress, and that he is fully aware of the implication of submitting his resignation. The chief counsel for the Grievance Committee for the Ninth Judicial District has submitted a letter recommending the acceptance of the resignation.

Under the circumstances herein, the resignation of David N. Leibman as a member of the Bar is accepted and directed to be filed. The respondent is disbarred and it is ordered that his name be stricken from the roll of attorneys and counselors-at-law, effective immediately.

MOLLEN, P. J., MANGANO, THOMPSON, BRACKEN and LAWRENCE, JJ., concur.

Ordered that the resignation of David N. Leibman is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, David N. Leibman is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that David N. Leibman shall continue to comply with this court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, David N. Leibman is commanded to continue to

desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.